UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re: Case No. A07-00062-DMD<br><br>CLAYTON LEE PHILLIPS,<br><br>Debtor. | Chapter 7<br><br>**Filed On 1/19/10** |
| LARRY D. COMPTON, Trustee,<br><br>Plaintiff,<br><br>v.<br><br>LAWRENCE TRUEDELL,<br><br>Defendant. | Adv. No. A08-90042-DMD |

## MEMORANDUM ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

In this adversary proceeding, the trustee seeks a determination of the validity and extent of the defendant's workmen's compensation lien in certain real property and the proceeds from the sale of such property. The parties have filed cross-motions for summary judgment on this issue. I find in favor of the defendant.

Background

Defendant Lawrence Truedell was employed by the debtor, Clayton Phillips, as a construction worker in late 2005 and the first half of 2006. Truedell worked on various projects for Phillips during this period. Phillips was building spec homes on three lots which he owned: Lots 12, 13 and 14 of Block 1, Betty Goodrich Subdivision No. 2, in the Kenai

Recording District. Truedell helped put in roads, driveways and compacted gravel for the lots. He also dug footings for the foundations, put in subfloors and pony walls, and began framing some walls. While under Phillips' employ, Truedell also worked on siding and roofing a home at 1385 Nighthawk Lane in Kenai which was owned by Brent and Debra Hibbert.

On June 13, 2006, Truedell fell off of a ladder while working on the Hibbert roof. He was severely injured. He became paralyzed from the knees down, and has continual vertigo, balance and nausea problems. He suffers from a variety of other ailments as well, including bowel, bladder and sexual dysfunction. The injury has left Truedell totally disabled. His employer, Phillips, had no worker's compensation coverage. To date, Truedell has received no compensation for his injuries.

Truedell filed a worker's compensation lien on the three lots he worked on in the Betty Goodrich subdivision. The trustee has sold these three lots free and clear of liens and encumbrances. The net sale proceeds are about $97,186.00. The order approving the sale states that the sale is free and clear of the following liens:

| | |
|---|---|
| $1,096.56 | State of Alaska, Dept. Revenue, Child Support Enforcement Division |
| $1,625.00 | Claim of Lien, Cliff Baker, Integrity Surveys |
| $4,296.57 | Claim of Lien, Northland Drilling |
| $48,780.40 | Judgment, Spenard Builder's Supply |
| $24,022.67 | Mechanic's Lien, Best Transit Mix (Lot 12) |

2

$15,633.46 Mechanic's Lien, Best Transit Mix (Lot 13)

$11,360.53 Mechanic's Lien, Best Transit Mix (Lot 14).

The trustee contends that Truedell's lien does not apply to the three lots and their proceeds. Truedell contends that his lien is valid and attaches to the proceeds in accordance with Alaska law.

Analysis

Alaska's workers' compensation lien statute provides, in part:

> (a) Each employee and beneficiary entitled to compensation under the provisions of this chapter has a lien for the full amount of the compensation the person is entitled to, including costs and disbursements of suit and attorney fees allowed, upon all of the property in connection with the construction, preservation, maintenance, or operation of which the work of the employee was being performed at the time of the injury or death. For example: in the case of an employee injured or killed while engaged in mining or in work connected with mining, the lien extends to the entire mine and all property used in connection with it; and in the case of an employee injured or killed while engaged in fishing or in the packing, canning, or salting of fish, or other branch of the fish industry, the lien extends to the entire packing, fishing, salting, or canning plant or establishment and all property used in connection with it; and this is the case with other businesses, industries, works, occupations, and employments.[1]

---

[1] AS 23.30.165(a).

3

The key issue here whether Truedell can claim a workers' compensation lien upon the three lots. These lots belonged to Phillips when Truedell was injured. Truedell had performed work for Phillips on these lots, but his injuries occurred while he was working for Phillips at another location. The Alaska statute gives a worker a lien "upon all of the property in connection with the construction, preservation, maintenance, or operation of which the work of the employee was being performed at the time of the injury." Does this lien apply to all locations where the employee was working at the time of the injury, or just the location where he was injured?

Under Truedell's view, the statute should be liberally construed in his favor. He argues that worker's compensation statutes are remedial in nature,[2] and that remedial statutes are to be construed broadly to effectuate the legislative purpose behind their enactment.[3] The trustee agrees with this general proposition, but contends that, under *Larson v. Welker*,[4] an unpublished Alaska Supreme Court decision, a strict construction of the statute is warranted under the circumstances of this case.

*Welker* involved an appeal of a workers' compensation board ruling which was adverse to Larson, an injured worker. Larson worked for Alaska Husky Battery, Inc. He was

---

[2] Truedell cites *Alyeska Pipeline Serv. Co. v. DeShong,* 77 P.3d 1227, 1244 (Alaska 2003), *Denuptiis v. Unocal Corp.,* 63 P.3d 272, 276 (Alaska 2003), and *Olsen Logging Co. v. Lawson,* 856 P.2d 1155 (Alaska 1993), in support of this proposition.

[3] Truedell cites *Imperial Mfg. Ice Cold Coolers, Inc. v. Shannon,* 101 P.3d 627, 630 (Alaska 2004), *C. W. v. State,* 23 P.3d 52, 55 n.11 (Alaska 2001), *Bd. of Trade, Inc. v. State,* 968 P.2d 86 (Alaska 1998), *Western Alaska Bldg. & Const. Trades v. Inn-Vestment Assoc. of Alaska,* 909 P.2d 330 (Alaska 1996).

[4] 1991 WL 11657229 (Alaska 1991).

4

working with a machine used to mix lead oxide for the manufacture of automobile batteries when the index finder of his right hand was crushed in the machine. Alaska Husky had no workers' compensation insurance at the time of the injury. After Alaska Husky filed bankruptcy, Larson filed a claim for workers' compensation against James Welker, Jr, Lola Welker and James Welker III in their individual capacities and as corporate officers and directors of Alaska Husky. His claim against these individuals was not brought under the Alaska workers' compensation lien statute. Instead, it was based upon AS 23.30.075 and AS 23.30.255, which make corporate officers and persons actively in charge of the business of the corporation personally liable for payment of workers' compensation benefits in instances where the corporation doesn't maintain workers' compensation insurance.[5]

James Welker, Jr. and Lola Welker were officers of Alaska Husky. James Welker III was a director, but not an officer, of the corporation. The Alaska workers' compensation board determined that the officers of Alaska Husky were responsible for all compensation benefits accruing from the accident. The board denied Larson's claims against James Welker III, however. Larson appealed the board's determination. The superior court opinion, as adopted by the Alaska Supreme Court, stated:

> As a policy, workers' compensation statutes are considered remedial legislation, rather

---

[5] For example, AS 23.30.075(b) provides, in part, that if a corporate employer fails to insure its employees, "all persons who, at the time of the injury . . . had authority to insure the corporation . . ., and the person actively in charge of the business of the corporation" are "personally, jointly, and severally liable" with the corporation for payment of worker's compensation benefits. Similarly, AS 23.30.255(a) makes a corporation's "president, secretary, and treasurer . . . severally personally liable, jointly with the corporation, for the compensation or other benefit which accrues under this chapter in respect to an injury" if the corporation "has failed to secure the payment of compensation as required by AS 23.30.075."

5

> than penal, and legislative intent should be construed liberally to allow full recovery where possible. The doctrine of strict construction, on the other hand, applies to statutes which impose penalties or "liabilities upon persons not primarily liable for injuries sustained." *Sutherland Stat. Const.* § 60.03 (4th ed.). In this case, the statutes are both remedial and penal: "A statute which extends a benefit to one person at the expense of another will be remedial to the former and penal to the latter." *Sutherland Stat. Const.* § 60.03 (4th ed.). Since the legislature has chosen to make three corporate officers personally liable for the failure of the corporation to pay workman's compensation, including 20% penalties, this court strictly construes the statutes in favor of those corporate officers and directors who are not listed by the legislature.[6]

The court approved the board's finding that James Welker III was not actively in charge of the corporation and affirmed the board's decision that he was not personally liable for Larson's compensation benefits.

The trustee argues, based upon the *Welker* decision, that the worker's compensation lien statute should be narrowly construed here. He contends that if the worker's compensation lien is allowed, Truedell will receive payment at the expense of the other lien claimants, as well as the other creditors of the estate, who are not liable to Truedell. He says a strict construction of the lien statute is required because allowance of Truedell's worker's compensation lien would penalize these other parties. He also argues that

---

[6] *Welker*, 1991 WL 11657229 at 3, (Alaska 1991).

Truedell's lien cannot extend to the three lots which the trustee has sold because Truedell was not injured while performing work on those lots.

I respectfully disagree with the trustee for several reasons. First, *Welker* is distinguishable. Phillips, Truedell's employer, was not a corporation. There is no issue as to the personal liability of a director of a corporation under AS 23.30.075 or AS 23.30.255. Here, a different statute is applicable: AS 23.30.165, which creates liens.

Moreover, AS 23.30.165(a) contains specific examples of how it should be applied. "[I]n the case of an employee injured or killed while engaged in mining or in work connected with mining, the lien extends to the entire mine and all property used in connection with it."[7] Following this example, an office manager injured in an automobile accident incurred on his way to file a mining claim would have a lien for his injuries on the entire mine and all property used in conjunction with it. The statute lists another example: "[I]n the case of an employee injured or killed while engaged in fishing or in the packing, canning, or salting of fish, or other branch of the fish industry, the lien extends to the entire packing, fishing, salting or canning plant or establishment and all property used in connection with it."[8] Under this example, if an accountant employed by a seafood company were to slip, fall and suffer injury while on the way to mail company tax returns, he would have a valid lien against all of the company's assets for his worker's compensation benefits. The examples set forth in the text of the statute indicate the legislature's clear intent to give broad

---

[7] AS 23.30.165(a).

[8] *Id.*

7

application to the lien statute. When the statute is read as a whole, particularly considering the examples specifically set forth therein, the trustee's rendering of AS 23.30.165 cannot be sustained. A worker injured while working on multiple projects for an employer is entitled to a lien on all of the property of the employer, not just upon property where the employee was working.

The trustee argues that a liberal reading of the statute would penalize parties who are not primarily liable for payment to Truedell. But that is precisely what AS 23.30.165 contemplates. The statute gives worker's compensation liens priority over "any other lien on the property, except a lien for wages or materials as provided by law, and is of equal rank with a lien for wages or materials."[9] Contrary to the trustee's argument, Truedell's worker's compensation lien will not prime legitimate claims for wages or materials. Liens for wages or materials will not be penalized but will share pro-rata with Truedell's. And all of these liens are paramount to those of an employer's general unsecured creditors. To adopt the trustee's limited construction argument would turn this provision on its head. Public policy favors certain types of claimants by allowing such liens.

Conclusion

The issue here is whether Truedell has a worker's compensation lien. I find that he does. Phillips owned the lots at the time Truedell was injured, and the lots were used in the furtherance of Phillip's business as a contractor. Truedell performed work on those

---

[9] AS 23.30.165(b).

8

lots and upon the Hibbard home in the course of his employment with Phillips. He is entitled to a worker's compensation lien in accordance with AS 23.20.165 upon the proceeds from the sale of the lots. For the foregoing reasons, the trustee's motion for summary judgment will be denied, and Truedell's cross motion will be granted. An order and judgment will be entered accordingly.

DATED: January 19, 2010

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve: C. Christianson, Esq.
M. Flanigan, Esq.
Cheryl Rapp, Adv. Case Mgr.

01/19/10

9